# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WALTER THOMAS, JR.**                                                                **PLAINTIFF**

v.                                                          **CAUSE NO. 1:17CV64-LG-RHW**

**ALLSTATE VEHICLE & PROPERTY**
**INSURANCE COMPANY, et al.**                                     **DEFENDANTS**

## ORDER DENYING MOTION TO STRIKE AND/OR REMAND

BEFORE THE COURT is the [8] Motion to Strike and/or Remand filed by Plaintiff Walter Thomas, Jr., requesting that the Court strike certain defenses raised by Defendant Allstate Vehicle & Property Insurance Company in its Answer, or, in the alternative, remand this action to state court. Defendant Allstate has responded to the Motion, but Thomas has not filed a reply and the time for doing so has expired. Having considered the submission of the parties and the relevant law, the Court finds that neither remand nor striking Allstate's defenses is warranted.

## BACKGROUND

Plaintiff Thomas instituted this action in the Circuit Court of Jackson County, Mississippi, against Defendants Allstate, Virginia Conn d/b/a Ginny Conn Agency, Tyler Conn,[1] and multiple fictitious defendants arising out of a dispute over insurance coverage. According to the allegations of the Complaint and the exhibits thereto, Thomas owned certain property located in Mississippi, which property was insured by an Insurance Contract with Defendant Allstate.

---

[1] The Court refers to Virginia Conn d/b/a Ginny Conn Agency and Tyler Conn as the "Conn Defendants" herein.

In January 2016, Thomas came to the property to mow the yard and discovered that there had been a fire at the property. He alleges that "[a]s a result of the fire, [he] incurred damage to the property in excess [of] $40,000.00." (Compl. 3 (¶13), ECF No. 13-1).

However, Thomas contends that Defendants have "refused to make any payment to Plaintiff as required under the Insurance Contract" and that "Defendants' refusal to make adequate payment to Plaintiff was made without a reasonable basis in fact or law" and amounts to bad faith. (*See id*. at 4-5 (¶¶ 20-22)). He requests that the Court "enter a declaratory judgment, that Defendants must pay policy limits to Plaintiff herein, in order to satisfy the damages sustained by Plaintiff in the underlying incident." (*Id*. at 6 (¶28)). He also makes claims pursuant to Mississippi state law for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith.

Allstate timely removed the action to this Court on March 9, 2017, on the basis of diversity. *See* 28 U.S.C. §§ 1332, 1441, 1446. Allstate argues that the Court has jurisdiction because "there is complete diversity of citizenship between the proper parties" and the amount in controversy exceeds $75,000. (*See* Notice of Removal 2, ECF No. 1). Thomas and the Conn Defendants are Mississippi citizens, and Allstate is an Illinois citizen. However, Allstate states that the Court should disregard the Conn Defendants' citizenship because Thomas improperly joined them

in the state court action.[2]  In response, Thomas filed the pending Motion to Strike and/or Remand.  The Court discusses Thomas' arguments for remand and for striking Allstate's defenses in turn below.

## DISCUSSION

### I. MOTION TO REMAND

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity.  The purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citations, quotations marks, and brackets omitted). "To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (citation omitted).

Only the second way is before the Court in this action.  Thus, the Court must determine whether Allstate "has demonstrated that there is no possibility of recovery by [Thomas] against [the Conn Defendants], which stated differently means that there is no reasonable basis for th[is C]ourt to predict that [Thomas]

---

[2] The Court already disregards "the citizenship of defendants sued under fictitious names . . . ." 28 U.S.C. § 1441(b).  The parties do not dispute that the amount in controversy requirement for diversity jurisdiction is met here, and the Court is also of the opinion that it is met.

might be able to recover against" those Defendants.[3] *See id.* "'[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one.'" *See Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citation omitted) (emphasis in original). Conclusory and speculative allegations will not suffice to preclude a determination of improper joinder. *See, e.g.*, *Garcia v. Premier Home Furnishings*, No. 2:12CV167-KS-MTP, 2013 WL 6001345, at *5 (S.D. Miss. Nov. 12, 2013).

Initially, Allstate has not mis-characterized "the standard for improper joinder[,]" (Thomas Mem. 7, ECF No. 9), but articulated the proper standard in its [1] Notice of Removal. (*See id.* at 4). Thomas is also incorrect that Allstate is trying to improperly shift the burden of proof on a remand issue by arguing that Thomas' conclusory allegations are insufficient to state a claim against the Conn Defendants. If the Court were to accept Thomas' argument, any plaintiff could overcome a properly supported claim of fraudulent joinder with conclusory allegations against a non-diverse defendant in his complaint, which is not the law. *See, e.g.*, *Walden v. Am. Gen. Life*, 244 F. Supp. 2d 689, 692 (S.D. Miss. 2003); *Garcia*, 2013 WL 6001345, at *5; *Rogers v. Shelter Mut. Ins. Co.*, No. 3:05 CV 57 WS, 2006 WL 839551, at *4 (S.D. Miss. Mar. 30, 2006).

---

[3] In certain circumstances, the Court on considering remand may "pierce" the pleadings, but the Court does not find that it is necessary to do so here. For example, while Thomas has submitted pages of information related to a dispute about a potential agreement to dismiss the agents or to voluntarily remand the case, this dispute is irrelevant to the issue of this Court's jurisdiction.

Having reviewed the Complaint, the Court agrees with Allstate that all of Thomas' causes of action stem from the denial of Thomas' insurance claim. The Court further agrees that there is an absence of facts to support a cognizable cause of action against the insurance agents, the Conn Defendants – as opposed to the insurance company, Allstate – based on that denial of claim, despite Thomas' attempt to lump all Defendants together. *See, e.g.*, *Donald v. Arrowood Indem. Co.*, No. 2:10CV227KS-MTP, 2010 WL 4853290, at *7 (S.D. Miss. Nov. 23, 2010) ("a plaintiff cannot rely upon general, conclusory, and/or collective allegations against defendants in opposing a claim of improper joinder"). Allstate has met its burden of proof in establishing fraudulent joinder.

In any event, none of Thomas' claims against the Conn Defendants are cognizable under Mississippi law, even if Thomas had made non-conclusory allegations against those Defendants. There is no allegation that the Conn Defendants were parties to the insurance contract, and the policy attached to the Complaint establishes otherwise, eliminating the possibility of any breach of contract claim against the Conn Defendants. *See, e.g.*, *Rhodes v. State Farm Fire & Cas. Co.*, No. 108CV674-HSO-RHW, 2009 WL 563876, at *3-4 (S.D. Miss. Mar. 4, 2009); *Smith v. Union Nat'l Life Ins. Co.*, 286 F. Supp. 2d 782, 787 (S.D. Miss. 2003); *Burchfield v. Foremost Ins. Grp.*, No. 4:16-CV-00172-DMB-JMV, 2017 WL 1167278, at *4 (N.D. Miss. Mar. 28, 2017). Likewise, Thomas has no claim for breach of the implied covenant of good faith and fair dealing or bad faith against

the Conn Defendants. *See, e.g.*, *Rhodes*, 2009 WL 563876, at *4; *Smith*, 286 F. Supp. 2d at 787; *Rogers*, 2006 WL 839551, at *4; *Burchfield*, 2017 WL 1167278, at *4-5. And, unlike the cases cited by Thomas, (*see* Thomas Mem. 8 n.8, ECF No. 9), there are no allegations supporting a misrepresentation claim against the agents.

Accordingly, the Court finds that there is not an arguably reasonable basis for predicting that Thomas might be able to recover against the Conn Defendants. Disregarding the citizenship of the Conn Defendants, the Court has diversity jurisdiction. Therefore, the Court will deny the motion to remand and dismiss the Conn Defendants from this action. *See Burchfield*, 2017 WL 1167278, at *6 ("Where a plaintiff improperly joins defendants, dismissal of claims against those defendants is appropriate.") (citation and quotation marks omitted).

## II.  MOTION TO STRIKE

Thomas claims that in response to Allstate's removal of this action from state court, he presented

> Allstate with a stipulation that its Agent placed the correct policy for the property at issue, and that the only basis for Allstate's determination of coverage was the terms of the correct policy for the subject loss. In other words, Thomas sought to allow Allstate to establish by stipulation that the basis of its removal was accurate, and that there was no claim to be had against its Agent.[4]

(Mot. 1-2, ECF No. 8).

---

[4] Thomas did not plead a negligent procurement or failure to procure claim against the Conn Defendants, or include any facts that would establish any such claim. *See, e.g.*, *Andrews v. Miss. Farm Bureau Cas. Ins. Co.*, 187 F. Supp. 3d 749, 759 n.9 (S.D. Miss. 2016); *Scotty's Recycling, LLC v. Philadelphia Sec. Ins.*, No. 3:11CV341-DPJ-FKB, 2013 WL 442865, at *3 (S.D. Miss. Feb. 5, 2013).

Allstate "responded that it would agree to waive coverage defenses that resulted from an error in the placement of the policy (i.e., an error of the Agent) *only if Plaintiff would agree to drop his punitive damages claim against Allstate for wrongful denial of coverage*." (*Id.* at 2) (emphasis in original). Thomas states that this response constitutes bad faith and abuse of process, and he asks this Court to strike "Allstate's defenses to coverage based on either its policy terms of the actions of its Agent . . . ." (*Id.* at 3).

The Court is not persuaded that Allstate's conduct amounts to bad faith or abuse of process, and will not strike Allstate's defenses or order that Allstate pay Thomas his "attorney's fees and costs associated with responding to the Removal . . . ." (*See* Thomas Mem. 14, ECF No. 9).

## CONCLUSION

The Court is of the opinion that it has diversity jurisdiction over this action and, thus, remand is unwarranted. The Court will dismiss the improperly joined Defendants. The Court is also of the opinion that Plaintiff Thomas' request for sanctions against Allstate is not well-taken.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion to Strike Allstate's Defenses and/or Remand filed by Plaintiff Walter Thomas, Jr., and all relief requested therein, is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Virginia Conn d/b/a Ginny Conn Agency and Defendant Tyler Conn are **DISMISSED** from this action. The Clerk is requested to terminate those Defendants on the docket.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Thomas and the only remaining Defendant, Allstate, must notify the magistrate judge of this Order and submit a proposed order lifting stay to the magistrate judge promptly, but no later than seven (7) days from the date of this Order.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2017.

                                                    s/ *Louis Guirola, Jr.*
                                                    LOUIS GUIROLA, JR.
                                                    CHIEF U.S. DISTRICT JUDGE