# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

WALTER THOMAS, JR.                                                     PLAINTIFF

v.                                                    CAUSE NO. 1:17CV64-LG-RHW

ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY, ET AL.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [25] Motion for Summary Judgment filed by

Defendant Allstate Vehicle and Property Insurance Company.  Allstate argues it is

entitled to summary judgment because there is no question of material fact that

Plaintiff Walter Neil Thomas, Jr., failed to cooperate in Allstate's investigation of

the fire causing a loss at Thomas' insured premises.  Thomas has responded in

opposition, and Allstate has replied.  After due consideration of the submissions and

the relevant law, it is the Court's opinion that Allstate has shown there is no

question of material fact for the jury, and that Mississippi law compels judgment in

its favor.  Accordingly, the Motion for Summary Judgment will be granted and

Thomas' claims dismissed.

### BACKGROUND

Thomas alleges that he applied for and purchased the Allstate insurance

policy at issue in this case in January, 2016.  (Compl. Ex. B, ECF No. 1-2).  Shortly

after the policy became effective on January 12, 2016, Thomas arrived at the

insured property and discovered the front door open with a broken window, and

water spreading throughout the property.  (*Id*. at 3).  He called a plumber and the

Jackson County Sheriff's Office to report the apparent break-in. When he and the plumber climbed into the attic, they discovered that something had caught fire. (*Id*.). The fire caused more than $40,000 in damage to the property. (*Id*.).

Thomas made a claim for payment under the policy, which Allstate denied by letter dated July 13, 2016. (Notice of Removal Ex. 2, ECF No. 1-3). The reasons for denial were:

> It is Allstate's position that the circumstances surround[ing] the fire are suspicious as incendiary in origin, and that there are questions concerning the circumstances surrounding the procurement of the coverage for the property in question. It is Allstate's position that you have failed to cooperate with its investigation [of] the claim, both in refusing to submit to an examination under oath in the matter, [and] failing/refusing to produce documentation requested related to Allstate's investigation of the claim.

(*Id*. at 1).

Thomas filed this lawsuit in Jackson County Circuit Court, alleging that Allstate and the insurance agent breached the insurance contract and acted in bad faith by refusing to pay for the fire damage. Allstate removed the case to this Court. Subsequently, this Court denied Thomas' Motion to Strike and/or Remand, and dismissed Thomas' claims against the insurance agent. (*See* Order, ECF No. 15). Allstate's Motion for Summary Judgment requests that all of Thomas' remaining claims be dismissed.

DISCUSSION

Thomas states that the insured property was a house he had just finished building with his two partners and listed for sale. It was unoccupied at the time of

the fire, and there is no dispute that the cause of the fire was arson. (Def. Mot. Ex. 3, at 4, ECF No. 25-3). Thomas contends that the arson was the act of a vandal, while Allstate wished to conduct an investigation into Thomas' financial circumstances to determine if he had a motive to commit arson. Thomas argues that he provided two recorded statements to Allstate, and each of Thomas' partners provided statements as well. Thomas refused, however, to execute an authorization form allowing Allstate to obtain information about him from third parties such as employers, mortgagees, banks, credit bureaus, insurance companies, the IRS, and the police. Thomas believed this authorization was unreasonably intrusive and broad. Thomas did agree to make a statement under oath, until he was required to bring personal financial records, records of payments made for construction of the property, federal and state income tax records, credit card and bank statements, a full financial statement, and personal cell phone records for a month prior to the fire and forty-eight hours after. (Def. Mot. Ex. 6, ECF No. 25-6). At that point, Thomas' counsel threatened a lawsuit for bad faith. (Def. Mot. Ex. 7, ECF No. 25-7). Counsel advised that "Mr. Thomas will not be giving a further statement due to the excessive conditions for same demanded from the underwriter. He will be available for deposition after suit is filed." (Def. Mot. Ex. 9, ECF No. 25-9). After two letters reiterating Allstate's desire to obtain the requested documentation from Thomas and complete its investigation, counsel advised Allstate that Thomas would provide an affidavit attesting to the statement he had already given to Allstate, but nothing more. (Def. Mot. Ex. 10, 11, 12, ECF Nos. 25-10, 25-11, 25-12). Shortly

thereafter, Allstate formally denied the claim. (Def. Mot. Ex. 13, ECF No. 25-13).

The insurance policy provision at issue required Thomas to "give [Allstate] all accounting records, bills, invoices and other vouchers or certified copies which we may reasonably request to examine and permit us to make copies." (Def. Mot. Ex. 2, at 27, ECF No. 25-2) (ECF pagination). Additionally, Thomas was required to submit to examination under oath as often as Allstate reasonably required. (*Id.*). Failure to comply subjected Thomas to the possibility of denial of coverage if the failure was prejudicial to Allstate. (*Id.*). Allstate contends that Thomas' refusal to comply with the insurance policy terms was prejudicial because it was unable to complete its investigation.

Thomas contends that Allstate has no reason to suspect him of setting the fire because he "had no debt on the property, [ ] the property had been on the market for a very short period of time, and [ ] the repairs were paid for quickly (by the insured out-of-pocket) and with the home returned to the market and sold without gain." (Pl. Resp. Mem. 3, ECF No. 27). Thomas argues that Allstate cannot explain why it still needs to see his personal and financial records when he is not suspected of arson. (*Id.*). Further, Thomas contends that Allstate is not proceeding in good faith because it has not taken him up on his offer of a deposition after this lawsuit was filed. He argues that the reasonableness of Allstate's documentation requirements is a jury issue that cannot be determined on summary judgment.

In *McPhail v. State Farm Fire and Casualty Company*, 992 F.2d 325 (5th Cir. 1993), the Fifth Circuit applied Mississippi law to similar arguments in the context

of a fire loss. The policy language was also similar, in that it required the insured to "provide us with records and documents we request and permit us to make copies," "as often as we reasonably require." *McPhail*, 992 F.2d at *1. The plaintiff argued that his refusal to provide requested financial documents was reasonable, he had substantially complied with the policy terms, and a jury should "decide the reasonableness of his refusal and the effect of his compliance." *Id*., at *2. The court rejected all of these arguments, first noting that with regard to insurance investigations, the Mississippi Supreme Court takes a broad view of materiality. *Id*. The court then held that "[w]hether the requests are material is a question of law for the court, not a jury, to determine." *Id*. at *3. Finally, the court noted well-established Mississippi law that "[i]nformation about the financial condition of an insured is pertinent to an insurance investigation probing the possibility of arson." *Id*. The court held that the request for credit card, bank account, real property, and loan application records was "reasonable, as they all were related to determining whether McPhail's financial status might have provided him with a motive for committing arson." *Id*. at *4.

More recently, the Mississippi Court of Appeals stated that "[t]he law in Mississippi is clear that an insurance policy is rendered void by the insured's failure to submit to an examination under oath. Furthermore, an insured's failure to provide financial information constitutes a material breach of the insurance contract and also voids coverage." *Mullen v. Miss. Farm Bureau Cas. Ins. Co.*, 98

So. 3d 1082, 1087 (Miss. Ct. App. 2012) (citations omitted). However, the court held that these principles apply where there is a *willful* refusal to comply with the policy provisions, not when the insured had complied and indicated willingness to continue to comply with the policy provisions. *Id.* at 1089. In *Mullen*, the insured requested policy language and case law before submitting to an examination under oath, but she consistently advised the insurer that she was willing to cooperate during the investigation of her claim and she never refused to comply with the terms and conditions of the policy.

Thomas points to a federal district court decision after *Mullen*, in which the court denied summary judgment to the insurer. The court held that the insured had raised a question of fact whether coverage should be voided because she contended "she provided all her agent requested and that she has now offered all that is available." *Glinsey v. Allstate Prop. & Cas. Ins. Co.*, No. 3:11CV218-DPJ-FKB, 2012 WL 1458226, at *5 (S.D. Miss. Apr. 27, 2012). The court determined that a jury should assess the willfulness of the insured's noncompliance.

The Court finds both *Mullen* and *Glinsey* to be distinguishable. There is no question regarding willfulness in this case because Thomas was unequivocal in his refusal to comply with the provisions of the policy requiring him to submit to an examination under oath and to provide the requested records. The facts here are similar to those in *Holt v. Victoria Fire & Casualty Company*, where the insured repeatedly told the insurer that he was not willing to submit to a second

examination under oath and that he was not willing to provide the requested financial documentation. *See Holt v. Victoria Fire & Cas. Co.*, No. 3:15-CV-077-CWR-LRA, 2016 WL 796676, at *4 (S.D. Miss. Feb. 26, 2016). The court found those actions to constitute a willful refusal to cooperate. *Id.* (citing *Archie v. State Farm Fire & Cas. Co.*, 813 F. Supp. 1208, 1213 (S.D. Miss. 1992) (granting summary judgment in favor of insurer where the insurer advised plaintiff of his obligation to submit to a sworn examination on several occasions and where plaintiff chose not to submit to the examination but to file a lawsuit instead). The insured's willful refusal to comply with the terms of the insurance policy voided coverage.

Mississippi courts hold that an examination under oath and records such as those requested by Allstate are material to an insurer's arson investigation. *See, e.g., Monticello Ins. Co. v. Mooney*, 733 So. 2d 802, 808 (Miss. 1999) ("[T]he simple act of answering questions concerning her financial position could not provide sufficient information to make a determination as to any possible monetary motive underlying the fire. In short, the insurers were entitled to reliable documentation to support and supplement Mooney's answers."). It was reasonable for Allstate to require Thomas to provide information that was material to its arson investigation. Accordingly, there is no question that Thomas had a duty to submit to an examination under oath and provide the requested records under the terms of the policy. Thomas' failure to do either voided the policy. Allstate did not breach its insurance contract or deny in bad faith insurance benefits to which Thomas claims

he was entitled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [25] Motion for Summary Judgment filed by Defendant Allstate Vehicle and Property Insurance Company is **GRANTED**. Plaintiff's claims against the defendant are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
U.S. DISTRICT JUDGE